# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-20073-01-01-CM |
| | ) | 07-20124-01-02-CM |
| GUY M. NEIGHBORS, | ) | 08-20105-01-01-CM |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER CERTIFYING APPEAL AS FRIVOLOUS

The court notes that defendant has filed a *pro se* notice of appeal (Doc. 225 in Case Co. 07-20073; Doc. 328 in Case No. 07-20124; and Doc. 178 in Case No. 08-20105).[1] Defendant appeals the court's rulings in a hearing held July 28, 2010. Under normal circumstances, "the filing of a timely notice of appeal from an appealable order divests the trial court of jurisdiction and confers jurisdiction on the court of appeals." *United States v. Mavrokordatos*, 933 F.2d 843, 846 (10th Cir. 1991). But that rule "presupposes that there is a valid appeal from an appealable order." *Euziere v. United States*, 266 F.2d 88, 91 (10th Cir. 1959), *vacated on other grounds*, 364 U.S. 282 (1960). When an order is not appealable, an attempt to appeal that order is just that – an attempt. *Id.* "It is a nullity and does not invest the appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction." *Id.* (citations omitted). The district court may also ignore the notice of appeal if it is deficient for the following reasons: (1) untimeliness; (2) lack of essential recitals; (3) reference to a non-appealable order; or (4) it otherwise is clearly invalid. *Arthur Anderson & Co. v.*

---

[1] Although the notice of appeal appears to have been signed by Guy Neighbors, one certificate of service attached to the documents is signed by Carrie Neighbors. Mrs. Neighbors, a *pro se* litigant in her own criminal cases, is not an attorney and may not represent Mr. Neighbors. Mr. Neighbors is represented by counsel.

*Finesilver*, 546 F.2d 338, 340 (10th Cir. 1976).

The court disregards defendant's *pro se* notice of appeal for two reasons. First, the order that defendant appeals is not an immediately appealable final order. Second, defendant filed the notice *pro se* although he is represented by competent counsel. His notice of appeal is out of order. *See United States v. Guadalupe*, 979 F.2d 790, 795 (10th Cir. 1992).

For these reasons, the court will not stay any proceedings that may arise before this court during the pendency of the appeal.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2010 at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**